No. 82-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

WILLIAM W. WILSON,

        Claimant and Respondent,

    -vs-

SUN RIVER CATTLE COMPANY, Employer,

    and

GLACIER GENERAL ASSURANCE COMPANY,

        Defendant and Appellant.

_____

APPEAL FROM:  Workers' Compensation Court, Hon. Timothy Reardon,
Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; K. Dale
        Schwanke, Great Falls, Montana (Argued)

    For Respondent:

        James M. Regnier, Great Falls, Montana (Argued)

_____

Submitted:   June 7, 1983

Decided:   September 29, 1983

Filed:  SEP 29 1983

_Ethel M. Harrison_

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an award of medical and temporary total disability benefits to the claimant by the Workers' Compensation Court. The matter was tried before a hearing examiner, whose proposed findings of fact and conclusions of law were adopted by the Workers' Compensation Court.

Claimant William W. Wilson is a thirty-nine year old native of Kentucky. His education background is somewhat limited, having taken until age seventeen to complete only eight grades before entering the work force. Several learning disabilities have limited the variety of jobs available to him. Claimant has been in Montana since 1969 working at various jobs in the Great Falls area.

On October 21, 1978, claimant was involved in an industrial accident and sustained injury. While working for the Sun River Cattle Company, claimant was feeding hay into a conveyor belt when a stack of hay bales fell, knocking him over the conveyor and onto a concrete slab, breaking his right leg. Claimant was taken to the emergency room at Columbus Hospital in Great Falls and treated by Dr. Thomas C. Power. Surgery was performed immediately and claimant's leg was set in traction. A second surgical procedure was performed November 7, and a long leg cast was thereafter placed on the leg. The leg did not heal properly and surgery was performed a third time on August 7, 1979. Appellant Glacier General Assurance Company (hereinafter appellant), was the Sun River Cattle Company's Workers' Compensation insurance carrier at the time of the accident,

-2-

and accepted liability for claimant's injury to his leg. Weekly temporary total disability benefits were paid from the time of the accident through December 5, 1980.

Claimant resumed work in March 1980, when he was employed by Harris Land and Cattle Company in Highwood. On April 25, 1980, claimant was loading hay bales onto a conveyor belt and while performing this job claimant placed a hay hook in a bale, dragged it about three feet and stopped. As claimant tried to straighten up he began feeling nauseous and experienced severe back pain and had to be driven to the Columbus Hospital emergency room. Dr. Power examined claimant at that time, and hospital records of the examination list the diagnosis as "acute lumbosacral strain."

Claimant requested coverage from appellant for the medical costs resulting from this condition, asserting that his back problems stemmed from the October 21, 1978, accident at Sun River Cattle Company. Appellant denied coverage, and claimant filed a petition with the Workers' Compensation Court to resolve the dispute.

After hearing the matter, the Workers' Compensation Court found that claimant had given proper and timely notification of the injury to his employer, that claimant injured his back in the scope and course of his employment with the Sun River Cattle Company on October 21, 1978, and that the April 25, 1980, incident at Harris Land and Cattle Company was neither an unusual strain nor a tangible happening of a traumatic nature, and not the proximate cause of claimant's back injuries. The Court further found that claimant's leg injuries had reached a healing plateau, but

his back injuries had not and manifested themselves throughout both his back and right leg making a permanent partial disability rating premature. Appellant was to pay for all hospital and medical treatment and chiropractic services for his back injuries from April 25, 1980, to the date of the order, and all future tests and treatments necessary to treat the injury. Appellant was also to pay temporary total disability payments to claimant for the time he was undergoing treatment if the result was a total loss of wages. The court retained jurisdiction over the case until claimant was healed as much as his injuries would permit and a permanent partial disability rating determined. From these findings and the order, this appeal is taken.

The issues raised on appeal are:

1. Whether claimant gave due and proper notice of his injuries as required by section 39-71-603, MCA;

2. Whether the Workers' Compensation Court erred in holding that appellant insurance carrier had the burden of proving that claimant did not injure his back in his industrial accident;

3. Whether the Workers' Compensation Court correctly ruled that claimant injured his back in the October 21, 1978, accident;

4. Whether the Workers' Compensation Court correctly ruled that the claimant is temporarily totally disabled; and

5. Whether the Workers' Compensation Court erred in neglecting to give the carrier credit for overpayment of compensation.

Appellant first contends that claimant did not give proper notice of his back injuries as required by section

39-71-603, MCA.  Pursuant to that statute, to recover Workers' Compensation benefits there must be ". . . [N]otice of the time and place where the accident occurred and the nature of the injury . . . given to the employer or the employer's insurer . . ."  The claim for compensation prepared by claimant after the October 21, 1978, accident gave timely notice of the accident but only referred to the right knee and leg injury.  Despite appellant's arguments, this is sufficient notice of claimant's back injury under Montana law.

Both parties cite Wight v. Hughes Livestock Co. (Mont. 1981), 634 P.2d 1189, 38 St.Rep. 1632, in their briefs and Wight is controlling on this issue.  In Wight the claimant was injured when he was pinned between the steering wheel of the tractor he was driving and the front end loader of another.  Within the prescribed time limit, the claimant submitted his claim seeking compensation for injuries to his ribs and chest.  The insurer accepted liability and compenstion was made.  Two years later the claimant submitted an additional claim for benefits due to a back injury which he alleged was caused by the same accident.  By construing section 39-71-603, MCA, this Court held for the claimant stating:

> "[T]here is no requirement that an employee must give notice of each separate injury received in an industrial accident particularly where, as here, claimant was functionally illiterate having terminated his schooling in the third grade.  Wight was in compliance with the statutory notice requirement when he notified the insurer of his accident and the fact that he had been injured."  634 P.2d at 1191.

The facts of Wight are on all fours with those of the

The facts of Wight are on all fours with those of the present case, and our holding is the same. However, this should not be viewed as setting a lower standard of review for a notice given by a relatively uneducated worker. In this case, claimant's notice is sufficient not because of his education level or literacy rate, but because the circumstances of the entire situation apprised the employer of the time and place of the accident and the nature of the injury.

As noted in Wight, the purpose of the notice requirement is to give the employee an opportunity for prompt examination of the worker so that proper treatment can be obtained for his injuries. The requirement should not be used to excuse the employer or insurer from liability because imprecise notice was given by the injured worker. The Montana legislature has mandated that the Workers' Compensation Act be liberally construed. Section 39-71-104, MCA. The reasoning behind this Court's liberal construction of the notice requirement becomes evident in a situation such as we have in the case at bar. Claimant did not report every ache, pain, or discomfort he experienced as a result of the industrial accident, in an honest belief and hope that they would dissipate with time. As the evidence adduced at trial tended to show, this belief was fostered through statements made by the attending physician that claimant's back troubles may have been due to tight shorts. The claim form submitted to the insurer provided sufficient information to allow a prompt and complete investigation to determine the extent of claimant's injuries. The purpose of the notice requirement can only be met by holding that

claimant, in this case, complied with the notice requirements of section 39-71-603, MCA.

The second issue raised on appeal is whether the court erred in concluding that the insurance carrier must shoulder the burden of proving that claimant's back injuries were not caused by the October 21, 1978, accident. Appellant focuses on the trial court's conclusion of law no. 2 which, after stating that the October 21, 1978, accident was the proximate cause of claimant's injuries, states in part:

> "Assuming, arguendo, that the incident on the Harris Ranch were proven to be an injury as defined in 39-71-119, the case would fall under the rule in Newman v. Kamp, 140 Mont. 487, 374 P.2d 100, (1962), 'where there are two insurers and two accidents, it is incumbent on the insurer seeking to be relieved from liability to establish by a preponderance of the evidence that the claimant's present condition was caused by the accident occurring when the other insurer was at risk.' 140 Mont. at 494. The present defendant has not met that burden."

Appellant's argument is misleading. In its finding of fact no. 24 the court concluded that a "slight preponderance of the medical evidence" shows claimant to have been suffering from lumbosacral strain prior to the incident at the Harris Ranch, and by that statement tacitly acknowledged that claimant held the burden of proving the cause of his injuries and carried that burden. The language from the trial court's order relied on by appellant is clearly surplusage. From conclusion of law no. 2, it appears the trial court would have given appellant the burden of proof had there been two separate injuries. This application was not made, however, as the court found only one incident to be the proximate cause of the back pain. Since it is not at

issue, we do not pass on the correctness of the hypothetical application of the Newman v. Kamp rule by the trial court.

The third error raised by appellant questions the sufficiency of evidence showing claimant's back injuries to have been proximately caused by the October 21, 1978, accident. Appellant's brief contains a lengthy list of facts which purport to show that the preponderance of evidence in this case goes against the Workers' Compensation Court's ruling. Claimant also cites numerous facts elicited at trial in support of the ruling. Underlying this divergence is the fact that there was a close factual question involved in this case. The trial court acknowledged that there was conflicting medical evidence, by exposing the conflicts in its findings of fact no.'s 24 and 36. Nevertheless, it found that a slight preponderance of the medical evidence showed claimant's injury to have been caused by the October 21, 1978, accident.

This Court has long held that great deference should be given to the decision of the trier of facts based on conflicting evidence. This Court does not sit as the trier of fact, but when there is conflicting evidence, only sits to determine if substantial evidence exists to support the trial court's findings. Jensen v. Zook Brothers Construction (1978), 178 Mont. 59, 582 P.2d 1191; Stamatis v. Bechtel Power Co. (Mont. 1979), 601 P.2d 403, 36 St.Rep. 1866. The Workers' Compensation Court rested its decision on claimant's own testimony, histories taken by Dr. Michael Sousa and Dr. Marvin Harris, their testimony concerning the nature and source of compression fractures such as claimant's, and the testimony of Dr. Susan Avery about her

-8-

examination of claimant prior to the incident at the Harris Ranch. When compared with the evidence cited by appellant, there clearly was substantial evidence presented at trial to support the trial court's findings.

The fourth error asserted by appellant is that there was no medical evidence to support a finding that claimant is temporarily totally disabled. The trial court ordered that spinal nerve tests be performed on claimant, and that temporary total disability payments begin when claimant reports for the tests and continue while he is undergoing treatment if he experiences a total wage loss. From its brief, it appears appellant's major concern is that the order will be used by claimant as a vehicle to prove his case; the argument being that there is insufficient medical evidence to find temporary total disability otherwise and these tests may provide it.

Temporary total disability exists when an injury results in total loss of wages and continues until the worker is as far restored as the permanent character of the injuries will permit. Section 39-71-116(19), MCA. When the application of a well defined statutory term is involved as in this case, the standard of review is whether, in view of the findings of fact, the court agrees that the conclusion was the most appropriate application of the statutes to the facts. Anderson v. Carlson Transport (1978), 178 Mont. 290, 583 P.2d 440. Since appellant attacks the sufficiency of the medical evidence, the trial court's findings must be tested by the Jensen standard of review. If the Jensen test is met, their application to the statutory definition is then scrutinized. To withstand this Court's scrutiny, the

application of the term by the trial court must have been legally correct.

In the case at bar, the trial court placed much emphasis on the testimony of Dr. Sousa concerning claimant's condition at the date of the hearing, because of its recency. The next most recent examination was by Dr. Thomas Power, a year prior to Dr. Sousa's examination. As the court noted in finding of fact no. 35, Dr. Power changed his mind as to the original diagnosis in his deposition. This fact, coupled with testimony by claimant and his wife as to communication problems between Dr. Power and claimant, fully justifies the trial court's reliance on Dr. Sousa's testimony. Dr. Sousa testified, and the trial court so found, that the tests were necessary to restore claimant to his best physical condition, and thus he has not reached a healing plateau. There is clearly substantial evidence to support the trial court's finding.

Based upon the above facts, the court applied the statutory definition of temporary total disability, and found claimant entitled to appropriate payments for that condition if he experiences a total loss of wages while undergoing treatment. There is clearly no error in the application of the statute to the facts as found by the trial court. The medical evidence about claimant's condition at the hearing date showed him still disabled. While he undergoes treatment, claimant will of necessity experience a total loss of wages. Therefore, the two main prongs of the statutory definition are met; claimant has not been as far restored as the permanent notice of his injuries will allow, and he will experience a total loss of wages.

On the facts as found by the Workers' Compensation Court, the application of the statutory term is legally correct.

The final issue is whether the Workers' Compensation Court erred by not allowing appellant credit for overpayment of compensation. It was conceded by claimant that he was overpaid a lump sum of $1,500 which must be offset against any award to claimant and we agree. Appellant further concedes that there have been social security benefits in the amount of $4,704.97 which have not been offset. Pursuant to section 39-71-701(2), MCA, this amount must also be offset against any award to claimant. As the Workers' Compensation Court maintained jurisdiction over this case, the appropriate adjustments should be made by that court.

Affirmed with modification of the award.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

-11-