No. 88-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

CAMERON LEE,

Claimant and Appellant,

-vs-

EUGENE LEE, d/b/a WILDERNESS RANCH
AND LODGE,

Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John H. Bothe; Bothe & Lauridsen, Columbia Falls,
Montana

For Respondent:

W. D. Hutchison, Agency Legal Services Bureau,
Helena, Montana

Submitted on Briefs: Aug. 26, 1988

Decided: September 27, 1988

SEP 2 7 1988

Filed:

_Ethel M. Harrison_

Clerk

Mr. Justice Fred J. Weber delivered the opinion of the Court.

The Workers' Compensation Court denied Cameron Lee's claim for compensation for a July 1986 injury, ruling that his claim is barred by his failure to give notice to his employer pursuant to § 39-71-603, MCA. Cameron Lee appeals. We affirm.

The issue is whether § 39-71-603, MCA, requires a claimant to notify his employer that he believes his injury is work-related in order for the claim to be considered compensable.

Eugene Lee owned an outfitting business, Wilderness Ranch & Lodge (Ranch), near Bigfork, Montana. Cameron Lee (Claimant) is Eugene Lee's son. Claimant worked for the business as a packer-guide. On July 14, 1986, Claimant worked at the Ranch. At about 8 p.m., he and two of his friends who had been helping out at the Ranch left for Hungry Horse, Montana, where Claimant lived. Claimant drove his father's two-ton truck because he was to pick up a load of hay before returning to the Ranch in the morning. Claimant parked the truck at his home, then went out with his friends. He was injured at approximately 2 a.m. when he was thrown out of the back of his friend's pickup truck while returning home from a bar. Claimant's wife told Eugene Lee about the accident and injuries the next morning. In his deposition, Claimant stated that he never spoke directly to his father about his injuries. Approximately one year later, Claimant filed a claim for workers' compensation.

The Workers' Compensation Court issued a summary judgment that Claimant did not give his employer the notice required under § 39-71-603, MCA. In making that judgment, the court had before it the depositions of Eugene Lee, Claimant, and Claimant's wife. The hearing examiner's proposed

findings and conclusions, adopted by the court, stated that "[t]here is nothing to inform an employer father that a son falling out of a pickup at 2:00 a.m. in the morning after closing a local bar, was engaging in any conceivable work-related activity. The claimant had every opportunity to supply such notice if he considered his actions work-related, but he failed to do so within the 60 days required in Section 39-71-603, MCA."

Does § 39-71-603, MCA, require a claimant to notify his employer that he believes his injury is work-related in order for the claim to be considered compensable?

Section 39-71-603, MCA (1985), provided:

> No claim to recover benefits . . . may be considered compensable unless, within 60 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer . . . Actual knowledge of the accident and injury on the part of the employer . . . is equivalent to notice.

(The statute was modified in 1987 to decrease to 30 days the time allowed to give notice.)

Claimant argues that § 39-71-603, MCA, only requires that the employer be notified of the employee's accident and the resulting injuries within 60 days. He asserts that any questions about the employer's liability are properly addressed in the handling of a subsequent workers' compensation claim. He claims that he was talking with his friends about setting up a hunting trip at the Ranch for the following summer. In his deposition, he stated that recruiting of future clients was expected of him as part of his job.

Claimant cites several Montana cases in arguing that the employer need only be notified that there has been an

accident and that the employee has been injured, not that the injury is believed to be work-related. See Wight v. Hughes Livestock Co., Inc., (Mont. 1981), 634 P.2d 1189, 38 St.Rep. 1632; rev'd on other grounds after remand, 204 Mont. 98, 664 P.2d 303; Wilson v. Sun River Cattle Co. (1983), 206 Mont. 63, 670 P.2d 931. We conclude that these cases do not address the issue presented here. In those two cases, as in the large majority of cases, notice of the place and manner of injury makes it obvious that the injury is claimed to be work-related. Not so for a case such as this, where the claimant, a packer-guide, is asserting that his activities around 2 a.m. in a bar were work-related.

Eugene Lee stated in his deposition that he never expected Claimant to do any recruiting of future clients for the business. He also stated that he was a teetotaler and had made it clear to his employees, including Claimant, never to drink while on duty. Further, he stated that he had no idea that Claimant considered himself to be working that night until he was notified that a workers' compensation claim had been filed, over a year later.

Constructive knowledge is not enough to satisfy the requirements of § 39-71-603, MCA. Reil v. Billings Processors, Inc. (Mont. 1987), 746 P.2d 617, 623, 44 St.Rep. 1985, 1993. The employer must have notice that the claimant considers his injury work-related.

> It is not enough, however, that the employer, through his representatives, be aware that claimant "feels sick", or has a headache, or fell down, or walks with a limp, or has a pain in his back, or shoulder, or is in the hospital, or has a blister, or swollen thumb, or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably

4

conscientious manager that the case might involve a potential compensation claim.

3 Larson, Workmans' Compensation Law, § 78.31(a)(2) pp. 15-126 to 15-136 (1988). We adopt the above standard.

We conclude that the Workers' Compensation Court did not err in ruling that Eugene Lee did not have adequate notice under § 39-71-603, MCA. The facts before the lower court do not indicate that Eugene Lee had knowledge of accompanying facts connecting his son's injury with his employment so that the case might involve a potential compensation claim. Under these facts we hold that notice under § 39-71-603, MCA, must have included Claimant's belief that his injury was work-related.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5