JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the Workers’ Compensation Court of the State of Montana of a denial of an award of disability benefits by the *176 State Compensation Insurance Fund to the claimant, Janet Roessel. The matter was tried before a hearings examiner, whose proposed findings of fact and conclusions of law were, for the most part, adopted by the Workers’ Compensation Court. Those findings adjudged that the claimant was not entitled to workers’ compensation benefits on the basis that the employer was not notified of the injury within thirty days of the date of the claimed injury as required by § 39-71-603, MCA. From that denial claimant appeals to this Court. We affirm.
Claimant/appellant presents five issues for review:
1. Did the employer have notice or knowledge of the claimant’s injury within 30 days as required by § 39-71-603, MCA?
2. Is the claimant entitled to extend the 30-day notice requirement of § 39-71-603, MCA, due to the latent nature of her injury?
3. Is the claimant entitled to workers’ compensation benefits as a result of her injury?
4. Is the claimant entitled to an award of her reasonable attorney’s fees?
5. Is the claimant entitled to a twenty percent increase in her workers’compensation benefits under § 39-71-2907, MCA?
Claimant’s employment with Rivendell of Billings began in March, 1987. She was employed by Rivendell as a cook and kitchen helper. While working at Rivendell sometime in the latter part of June, 1988, claimant allegedly slipped and fell in a puddle of water which had accumulated near a salad bar in the dining area. Claimant alleges that when she fell she hit her head and neck against a concrete pillar. Several co-workers witnessed her slip and fall and the lead cook and part-time supervisor knew of her fall.
At the time claimant submitted her claim with the Workers’ Compensation Court, August 1, 1988, claimant gave the date of her injury as being July 1, 1988. It was not until sometime later, after depositions were taken, that it was determined that July 1,1988 was not the proper date of the claimed injury and that the most likely date was June 24, 1988. This date was determined by reviewing Rivendell’s time records which showed that June 24, 1988 was the only date in approximately a two-week period when the various persons who testified were all working with claimant on the same shift.
At the time of trial, evidence was presented by the State Fund which refuted the claim that claimant could have injured her head and neck. The three witnesses who saw the claimant fall each *177 testified that the claimant was facing the pillar at the time she fell and that when she was helped up, or got up, her feet were pointed toward the pillar and her head was in the opposite direction. After she arose and went about her duties she did not tell any of her co-workers that she had injured her head and neck in the fall.
Claimant did not provide actual notice to Rivendell or her supervisor that an accident had occurred until sometime in August, 1988. Testimony was given which revealed that on June 30, 1988, approximately one week after the claimant’s alleged slip and fall incident, a staff meeting was held. Claimant was present at that staff meeting and safety concerns and work-related accidents were discussed at the meeting. At that June 30, 1988 staff meeting claimant did not mention the incident of June 24, 1988 to her supervisor.
After claimant started her employment with Rivendell in March of 1987, she began having problems with her arms, and she experienced burning and numbness in her body. Claimant sought treatment for this condition in the latter part of 1987. Claimant’s co-employees and her supervisor testified that she continued to complain about her arms up until the time of the slip and fall incident in June, 1988. The record indicates that in early April, 1988, some two and one-half months prior to the accident, the claimant informed her employer that she was unable to attend a staff meeting because of a doctor’s appointment to test her arms.
On July 7, 1988, claimant sought medical treatment from Dr. Espinoza, but failed to mentioned to him any problems with headaches, bruising, or pain in her neck or back resulting from a fall. She did mention to Dr. Espinoza that she had a developing problem in coordination and pain with her right arm. Claimant was later seen by Dr. Buchanan at a local hospital emergency room, but did not mention to him that she had slipped and fallen at work striking her head or back.
The claimant called Milford Burke, her supervisor, on July 12, 1988, to tell him that she could not come to work and she has not worked since that date. Later in July, 1988, claimant twice saw Dr. R.A. Nelson. During the initial visit, the claimant denied any trauma or injuries to her head, neck or back, and never informed the doctor of the incident at work after she was informed of the findings pertaining to her X-rays. Claimant was referred by Dr. Nelson to Dr. James Johnson, a neurologist in August of 1988, and that was the *178 first time the medical records indicate that she told the doctor of striking her head on a pillar while at work at Rivendell.
The first notice that the employer or insurer had of the claimant’s slip and fall incident was on or about August 10, 1988. This came about while claimant was awaiting surgery in a hospital and she told a fellow employee that she intended to file a claim. This was reported to her supervisor Mr. Burke. He testified that this was the first time he had heard of claimant’s slip and fall.
The claimant’s request for benefits was denied by the Workers’ Compensation Court on the basis that no notice was given by the claimant to her employer within thirty days of the claimed injury as required by § 39-71-603, MCA.
It is the claimant’s position that due to the latent nature of her injury she was prevented from properly getting notice to her employer. It is interesting to note that even though she had been instructed by Rivendell as to how and when to report any injury, there was no direct action taken by the claimant which gave notice of her injury claim to her employer. It was only through a conversation with a fellow employee just prior to her surgery, which was later reported back to the employer, that Rivendell knew of her pending claim.
Here, the proposed judgment of the Workers’ Compensation hearing examiner, which was adopted by the Workers’ Compensation Court, only determined that the appellant failed to prove that her employer had either notice or actual knowledge of the alleged accident within thirty days as required by statute.
No findings were made as to whether the claimant actually struck her head and back against the pillar at work as she contends, nor were there findings as to whether the claimant had proven that her medical problems were causally related to the fall at work. There is no question, and it is admitted that she did fall at work. However, the Workers’ Compensation Court never established that her fall was the cause of her injury and subsequent surgery.
Five issues are presented on appeal. The controlling issue is whether the employer had notice or knowledge of claimant’s injury within 30 days as required by § 39-71-603, MCA. As set forth in this opinion and under the facts in the record before us, the employer did not have notice within 30 days as required by statute and case law. We affirm the decision of the Workers’ Compensation Court.
CHIEF JUSTICE TRNAGE and JUSTICES BARZ, WEBER and McDonough concur.