NO.  91-279

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

CHARLES T. KILLEBREW,

            Claimant and Appellant,

    v.

LARSON CATTLE COMPANY,

            Employer and Respondent,

    and

UNINSURED EMPLOYERS FUND,

            Defendant and Respondent.

FILED

AUG 3 1 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    The Workers' Compensation Court,
                The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Paul E. Toennis argued, Toennis Law Firm,
            Billings, Montana

        For Respondent:

            Jerrold F. Nye argued, Nye & Meyer, Billings,
            Montana;  Daniel B. McGregor, Legal Counsel,
            Department of Labor and Industry, Helena, Montana

        For Amicus Curiae:

            Charles G. Adams argued, State Compensation
            Mutual Insurance Fund, Helena, Montana:
            Michael P. Heringer, Brown Law Firm,
            Billings, Montana

                            Submitted:  December 10, **1991**

                            Decided:  August 31, 1992

Filed:

                    _____
                            Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On June **13, 1990,** the Uninsured Employers Fund of the Department of Labor and Industry issued an order requiring that the Larson Cattle Company pay workers' compensation disability benefits to Charles Killebrew, the claimant. On June 26, **1990,** the employer denied liability for disability benefits and requested mediation under § **39-71-2401,** MCA. On December **17, 1990,** a hearing examiner for the Department of Labor and Industry concluded that claimant was not entitled to disability benefits because he had not given adequate notice under § **39-71-603,** MCA **(1987).** That decision was affirmed by the Workers' Compensation Court on May **9, 1991.** Claimant appeals from the judgment of the Workers' Compensation Court. We reverse and remand for further proceedings.

The issue on appeal is whether the information which claimant alleges he provided to his employer was sufficient to satisfy the notice requirements under § **39-71-603,** MCA **(1987).**

### FACTUAL BACKGROUND

Claimant went to work for his employer as a ranch hand during July **1989** and worked in that capacity until mid-May **1990.**

Claimant testified that while working for his employer on December 17, **1989,** he was operating a tractor when he was forced off the road by a pickup approaching him in the opposite direction. As a result of this accident, the tractor was tipped over on its side. Claimant testified that when the tractor hit the ground it jerked his hands loose from the steering wheel and he fell against the side of the cab, striking his shoulder.

Claimant testified that he saw his employer, Clifford Larson, on either the day following the tractor accident or two days later. He testified that he told Larson about the accident, stating, "I hurt my shoulder a little bit, but I said you know 'I'm okay it's no big deal I don't think.'"

Claimant testified that he then continued to perform his ranch duties, but that as time passed his shoulder became increasingly uncomfortable, his use of that shoulder became increasingly limited, and he finally went to a physician on February 14, 1990.

The medical records of R. R. Whiting, M.D., a physician in Hardin, indicate that he first examined the claimant regarding the shoulder injury on February 14, 1990. Dr. Whiting's records indicate that on that occasion claimant stated that he had injured the shoulder when he was operating a tractor which overturned. Dr. Whiting diagnosed a rotator cuff tear which he concluded was causally related to the accident that claimant had described. The shoulder injury was later diagnosed by an orthopedic surgeon as an impingement syndrome for which surgery was performed on August 10, 1990.

On May 15, 1990, as a result of his shoulder injury, claimant filed a written claim for compensation pursuant to § 39-71-601, MCA.

Claimant's employer, Clifford Larson, testified that on the date of claimant's tractor accident he came out to the ranch, saw the tractor lying on its side, and knew that claimant had been involved in an accident. However, he denied that claimant had ever

3

advised him of any injury or physical discomfort resulting from that accident.

On March 17, 1990, while attempting to tag a newborn calf for his employer, claimant was run into and then run over by a cow. He testified that he was generally beat up and bruised as a result of the experience. However, he did not seek immediate medical attention.

Claimant testified that on the day following the incident with the cattle he told his employer he had been beaten up by a couple of cows and that he showed his employer the physical marks on his body which resulted from that experience. He did not describe any specific injury to his employer, and there is no evidence that he was aware of any specific injury at that time.

After being run into and over by the cattle, claimant's knee began to swell. He packed it with ice for a period of time and tried to continue working. However, when the ice did not relieve the swelling, he went to see Dr. Whiting for treatment of his knee injury. Dr. Whiting's records indicate that he first examined the claimant regarding a knee and ankle injury on April 19, 1990. He referred him for further diagnostic exams and an evaluation by an orthopedic surgeon in Billings. That surgeon diagnosed a tear of the medial meniscus in the right knee and an impingement syndrome on the right ankle. Surgery was performed on the right knee on June 13, 1990, and on the right ankle on August 10, 1990.

As a result of his knee and ankle injuries, claimant filed a claim for compensation on May 15, 1990, pursuant to § 39-71-601, MCA.

Clifford Larson acknowledged that in March 1990 he was aware that his employee had been "in a wreck with the cows." However, he denied having been advised that claimant was injured as a result of that incident.

Because Larson carried no workers' compensation insurance, claimant entered into an agreement with the Uninsured Employers Fund of the Department of Labor and Industry which authorized the Fund to recover benefits it paid to the employee directly from the employer.

The Fund ordered Larson to pay to claimant those benefits to which he was entitled under the Workers' Compensation Act on June 13, 1990. Larson sought mediation of that order and denied liability to claimant for several reasons. He contended that claimant had never been his employee; that any injury claimant received was sustained while performing work beyond the scope of his duties; and that claimant never notified him of his injuries within 30 days as required by § 39-71-603, MCA (1987).

On September 28, 1990, a hearing was held before the hearing examiner from the Department of Labor. The hearing examiner considered testimony from the claimant and his employer and several other witnesses. However, the only testimony regarding the notice given by claimant to his employer came from Killebrew and Larson.

As a result of the evidence produced at that hearing, the hearing examiner concluded that:

1.   There was an employer-employee relationship between Larson and Killebrew;

2.   Claimant injured his shoulder on December 17, 1989, and his knee and ankle on March 17, 1990;

3.   Both of claimant's injuries were related to his employment by Larson: but that

**4.**   Even though Larson was aware of both accidents within 30 days from the time that they occurred, claimant did not disclose the nature of his injuries with sufficient specificity to comply with § 39-71-603, MCA.

In concluding that the claimant had not satisfied the notice requirement, the hearing examiner did not specifically resolve the direct conflict between the testimony of Killebrew and Larson.  He simply drew the following conclusion based on previous language employed by this Court:

> In <u>Lee v. Lee, d/b/a Wilderness Ranch and Lodge</u>, 234 Mont. 197, 761 P.2d 835 (1988), the Supreme Court adopted the standard set forth in 3 Larson, Sec. 78.31(a)(2), pp. 15-126 to 15-136 (1988), which states:
>
> > It is not enough, however, that the employer, through his representatives, be aware that claimant "feels sick", or has a headache, or fell down, or walks with a limp, or has a pain in his thumb, or has suffered a heart attack.  There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.

*6*

Though there is conflicting evidence, it is found as fact Mr. L [Larson] was aware of the accidents within the statutory time period set forth in § 39-71-603, MCA. The information imparted to him, however, would not meet the standards of notification cited in Lee, supra, and set forth in Section 603. While being aware of the accidents, constructive knowledge of the injuries which resulted from those accidents cannot be imputed to him. It was incumbent upon Mr. K [Killebrew] to advise his employer of the *specific* injuries in a timely manner, but he failed to do so. [Italics added.]

It is not clear, therefore, whether the hearing examiner found that Killebrew had given Larson no description of any physical consequences from the accidents he described, or whether the hearing examiner simply concluded that, presuming Killebrew's testimony was true, his description of his injury was inadequate.

The Workers' Compensation Court affirmed the decision of the hearing examiner for the following reason:

We cannot conclude that the hearing examiner abused his discretion on the basis argued by the claimant, since the claimant never reported any injury within the 30-day period.

However, as pointed out previously, it is not clear that that is in fact what the hearing examiner found.

The Workers' Compensation Court went on to conclude that since no notice of any injury had been given to the employer within the 30-day period required by § 39-71-603, MCA (1987), claimant's claim was barred pursuant to our decision in *Reil v. Billings Processors, Inc.* (1987), 229 Mont. 305, 746 P.2d 617, in which we held that "latent injuries" did not exclude strict compliance with the notice requirements of § 603.

7

On appeal, claimant contends that the hearing examiner and the Workers' Compensation Court misconstrued the nature of the notice that is required under § 39-71-603, MCA. Claimant contends that the hearing examiner was incorrect as a matter of law pursuant to our decision in *Wight* v. *Hughes Livestock Co., Inc.* (1981), 194 Mont. 109, 634 P.2d 1189, and *Wilson v. Sun River Cattle Co.* (1983), 206 Mont. 63, 670 P.2d 931.

The employer, on the other hand, contends that claimant simply seeks to toll the notice requirements under § 603 on the basis that his injury was latent and that our decision is controlled by our prior decision in *Reil* and *Roessel v. Rivendell of Billings* (1990), 244 Mont. 175, 797 P.2d 174.

## STANDARD OF REVIEW

On appeal from the decision of the hearing examiner for the Department of Labor and Industry, claimant did not challenge the hearing examiner's findings of fact. He challenged the hearing examiner's application of the law as set forth in *Lee* to the facts in this case.

We have previously held that when reviewing conclusions of law by an agency, the Workers' Compensation Court, or a trial court, we will review those conclusions to determine if they are correct. *Steer v. DOR* (1990), 245 Mont. 470, 803 P.2d 601, 603.

## DISCUSSION OF LAW

Section 39-71-601, MCA (1987), provides a statute of limitations for filing claims for disability benefits under the

Workers' Compensation Act. Written claims for benefits must be filed within 12 months, unless extended by the Department of Labor and Industry for a latent injury or unknown disability. However, we have previously held that under § 601, in cases of latent injury, the time for filing does not begin to run until the claimant does or should recognize the nature, seriousness, and compensable character of his injury. *Bowerman v. State Compensation Fuizd* (1983), 207 Mont. 314, 673 P.2d 476.

Section 39-71-603, MCA (1987), is the "notice" provision of the Workers' Compensation Act. It provides as follows:

> No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 30 days of the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury, is equivalent to notice.

We have previously held that unlike § 601, the notice requirement of § 603 is not tolled where the employee is unaware of the severity or compensable nature of his injury. *Reil* v. *Billings Processors, Inc.* (1987), 229 Mont. 305, 746 P.2d 617; *Roessel v. Riveitdell of Billings* (1990), 244 Mont. 175, 797 P.2d 174.

It is the *Reil* and *Roessel* decisions which the employer contends are controlling in this case. However, neither case presented a factual situation similar to the one in this case.

9

In *Reil*, the employer was generally aware of complaints of discomfort by the claimant. However, the employer was not provided with any notice that those complaints of pain or discomfort were related to any accident that occurred during the course of claimant's employment, or to any work related activities until well after the time for providing notice under § 603.

In *Roessel*, the employer was not provided with notice of any work-related accident or of the claimant's complaints about physical discomfort until after the 30-day period of time provided for under § 603.

In other words, in neither *Reil* nor *Roessel* was the employer provided with notice of an accident or activity which could have led to injury so that it could protect itself by prompt investigation of the accident and providing whatever medical examination or treatment was necessary for the claimant.

In this case, it is undisputed that the employer was aware of both accidents which are the basis for claimant's claims for compensation. Furthermore, if the claimant's testimony is believed, then the employer was also provided with all the information available to the claimant at that time regarding the physical impact of these accidents on the claimant. We are not presented, in this case, with a situation where the employer did not have notice which would enable him to promptly investigate the accident or secure the necessary examination and treatment of the claimant. The question in this case is whether, if the claimant's

10

testimony is correct, the description of his injuries was adequate to meet the requirements of § 603.

Our decision is controlled by our previous decision in *Wight*. In that case, claimant was injured while doing ranch work when he was pinned between the steering wheel on the tractor that he was driving and an uplifted front-end loader of another tractor. He originally reported only injuries to his ribs and chest. Two years later he filed an additional claim for benefits alleging that he sustained injuries to his back in the same accident. Benefits were denied on the basis that he had not notified his employer of the specific injury for which he sought benefits as required under § 39-71-603, MCA. In affirming the Workers' Compensation Court's judgment for the claimant, we held that:

> "The purpose of the notice requirement . . . is to enable the employer to protect himself by prompt investigation of the claimed accident and prompt treatment of the injury involved with a view toward minimizing its effects by proper medical care." *Bender* v. *Roundup Mining Co.* (1960), 138 Mont. 306, 313, 356 P.2d 469, 473. The purpose underlying the requirement for early reporting of injuries was fulfilled in this case. The claim form submitted by Wight provided the insurer with all the information it needed to enable it to investigate the accident and determine the extent of Wight's injuries.

*Wight*, 634 P.2d at 1189.

We arrived at a similar conclusion in *Wilson* where the claimant originally only reported an injury to his leg, but later filed a claim for disability benefits due to a back injury arising out of the same accident.

11

Based on these decisions, we conclude that the requirements of § 39-71-603, MCA (1987), are satisfied when an employee who is involved in a work-related accident reports that accident to his employer within 30 days from the date of its occurrence and apprises his employer, to the best of his ability, whether he suffered any adverse physical consequences from that accident. An employee who has a reasonable belief at the time of an accident that he has suffered no injury which will require treatment or is otherwise compensable, is not barred from recovery under § 603 because he learns otherwise beyond the 30-day period.

Following his December 17, 1989, tractor accident, claimant testified that he advised his employer he had hurt his shoulder a little bit but that he thought it was going to be okay. Following his March 17, 1990, accident in which he was run into and trampled on by cattle, claimant testified that he showed his employer the physical evidence of trauma on his body and that his employer observed him limping thereafter when he had not limped before. This information following both incidents was sufficient to enable the employer to protect himself by prompt investigation of the accidents and to require prompt treatment or examination for any injuries that might have resulted from those accidents.

Claimant was not in a position to provide more information than he described because it was not until after 30 days that his injury from each of the above accidents worsened to the point where he sought medical treatment and was informed of the specific causes for his physical complaints. To interpret the requirements of

12

§ **603** any more strictly than we have would defeat the public policy objective for the Workers' Compensation Act as set forth in § **39-71-105(1)**, MCA **(1987).** That section provides that:

> It is an objective of the Montana workers' compensation system to provide, without regard to fault, wage supplement and medical benefits to a worker suffering from a work-related injury or disease.

That objective cannot be accomplished if we construe § **603** so narrowly that it erects insurmountable barriers to collection of disability benefits, when they are unrelated to any legitimate public policy.

However, in this case, the factual dispute created by the testimony of the claimant and his employer was not resolved by the hearing examiner. We cannot determine from his findings and conclusions whether he accepted the claimant's description of the notice given to his employer and simply concluded that it was legally inadequate, or whether he accepted the employer's testimony that no notice was given of any physical consequences from the accidents that occurred. The hearing examiner concluded that under our decision in *Lee,* that vague complaints or ill health were not sufficiently specific to satisfy the requirements of § **603.** However, the *Lee* decision has no bearing on the issue presented in this case. In that case, claimant was employed by his father who operated an outfitting business. He was injured at about 2 a.m. when thrown out of the back of a friend's pickup while returning home from a bar. His father was aware of the accident and injuries, but unaware of the son's claim that he was working on his

13

father's behalf at the time of the injury. The issue in that case was whether § 603 required notice that an accident and injury are work related. That case had nothing to do with how specific a claimant's description of his injuries has to be in order to satisfy § 603.

For these reasons, the judgment of the Workers' Compensation Court is reversed, and this case is remanded to the hearing examiner for the Department of Labor and Industry for the purpose of resolving the factual dispute created by the testimony of the claimant and his employer. After entering findings regarding the substance of claimant's notice to his employer, or the extent of the employer's actual knowledge regarding claimant's accident and injury, judgment shall be entered which is consistent with the rule set forth in this opinion.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

14

Karla M. Gray

R. C. McDonough

_____
Justices

Justice Fred *3*. Weber specially concurs as follows:


I agree with the conclusion of the majority opinion that the hearing examiner failed to resolve the factual dispute regarding notice of the injury which resulted from the conflicting testimony of the claimant and employer. As a result, I agree that it is appropriate to remand in order to resolve that factual dispute. I therefore concur in the reversal and remand.

The majority opinion analyzes the claimant's testimony and concludes that the information furnished by the claimant establishedthat both incidents involving injury were sufficient to enable the employer to protect himself by prompt investigation of the accident. I point out there are no findings of fact by the Workers' Compensation Court on this testimony. It is the absence of this factual determination by the lower court which has required the majority to reverse and remand. Under those circumstances, I conclude it is not appropriate to reach the factual conclusion upon which the majority opinion is founded.

Because there has been no factual determination, I conclude that it is inappropriate to reach the central conclusion of the majority opinion which is stated as follows:

> Based on these decisions, we conclude that the requirements of § 39-71-603, MCA (1987), are satisfied when an employee who is involved in a work-related accident reports that accident to his employer within 30 days from the date of its occurrence and apprises his employer, to the best of his ability, whether he suffered any adverse physical consequences fromthat accident. An employee who has a reasonable belief at the time of an accident that he has suffered no injury which will

**16**

require treatment or is otherwise compensable, is not barred from recovery under § 603 because he learns otherwise beyond the 30-day period.

Because the foregoing conclusion is not based upon facts presented to us, it is advisory in nature. It appears to expand our holdings from previous cases. I do not concur in that conclusion.

I also disagree with the conclusion that under **Lee** there is nothing which has any bearing on this case. It was in **Lee** that this Court adopted the following standard from **Larson**:

> It is not enough, however, that the employer, through his representatives, be aware that claimant "feels sick", or has a headache, or fell down, or walks with a limp, or has a pain in his back, or shoulder, or is in the hospital, or has a blister, or swollen thumb, or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.

Because we do not yet have the factual determination from the trier of fact, I do not find it appropriate to state that the quotation from **Lee** is not applicable.

_____
Justice

Chief Justice *3*. A. Turnage:

I concur with Justice Weber.

_____
Chief Justice

**17**