No. 93-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ALVA DARRELL BOGLE,

     Petitioner and Appellant,

v.

OWNERRENT RENT TO OWN,

     Employer,

  and

STATE COMPENSATION MUTUAL
INSURANCE FUND,

     Respondent and Respondent.

FILED

APR 25 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  The Workers' Compensation Court,
             The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          John C. Doubek, Small, Hatch, Doubek & Pyfer,
          Helena, Montana

     For Respondent:

          Daniel J. Whyte, State Compensation Mutual
          Insurance Fund, Helena, Montana

Submitted on Briefs:  March 31, 1994

Decided:  April 25, 1994

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Alva Darrell Bogle, claimant, appeals from a decision of the Workers' Compensation Court of the State of Montana. The court denied claimant's request for an award of benefits by the State Compensation Insurance Fund because it determined that the claimant failed to notify his employer, Ownerrent Rent to Own, of an alleged work-related accident as required by § 39-71-603, MCA. We affirm.

The claimant presents the following issue for review: Whether the Workers' Compensation Court erred in determining that claimant failed to notify his employer of an alleged work-related accident as required by § 39-71-603, MCA.

Claimant and T. C. Collins were both hired by Ownerrent as drivers/deliverers during December 1992. On January 6, 1993, claimant and Collins were in the process of repossessing one of Ownerrent's washing machines. As they loaded the machine into the delivery van, claimant alleges that he fell and that the machine landed on top of him. Collins stated that claimant "slipped and the washer, the dolly came back down on top of him." The next day claimant called his manager at Ownerrent, David Robinson, and informed Robinson that claimant would be taking sick leave because "[he] was hurting where [he] could not get off the couch . . . ." Both parties agree that claimant did not notify Robinson of a work-related accident at that time.

2

After two days' sick leave claimant resumed his work at Ownerrent. On January 15, 1993, he was terminated from employment for reasons not relevant to this appeal.

According to medical records, claimant visited Dr. Allen Weinert regarding back pain on January 27, 1993. On February 8 and 12, 1993, claimant visited Dr. Brooke Hunter. On February 8 Dr. Hunter ordered an MRI examination. On February 12, Dr. Hunter gave the claimant the results of the MRI which showed claimant had a herniated disc on the right side of his spine. Claimant testified that he subsequently had reconstructive disc surgery in March 1993.

On February 25, 1993, claimant filed a claim for benefits alleging that his back injury was a result of the work-related accident mentioned above. The State Compensation Insurance Fund (State Fund) denied the claim because claimant failed to comply with the notification requirements set forth in § 39-71-603, MCA. The Workers' Compensation Court determined that the claim for benefits was barred because of claimant's failure to notify his employer of a work-related accident within thirty days of the January 6, 1993 accident. From the transcripts of proceedings before the Workers' Compensation Court, the record discloses the following:

JUDGE MCCARTER: Mr. Bogle, I do have a couple of questions. As I understand your testimony, and I want to make sure that I am understanding you correctly, when you called Mr. Robinson the day after the injury, you didn't tell him about the accident. You just told him that you were hurting and couldn't come in to work?

3

THE WITNESS: Right.

JUDGE MCCARTER: If I understand you further, the first time you specifically told him about the accident was after you had the MRI?

THE WITNESS: Right.

JUDGE MCCARTER: So your conversations with him prior to that had been about your hurting?

THE WITNESS: Right.

At trial, claimant further testified that he believed Collins to be a supervisor for Ownerrent, and that Collins' actual knowledge of the accident satisfied the notice requirements of § 39-71-603, MCA. The court, however, determined that claimant's testimony that he believed Collins to be his supervisor was not credible or reasonable. After analyzing the inapplicability of ostensible authority in this case, the court entered judgment for the State Fund. Claimant appeals.

Did the Workers' Compensation Court err in determining that claimant failed to notify his employer of an alleged work-related accident as required by § 39-71-603, MCA?

In reviewing the Workers' Compensation Court's findings of fact, we will not substitute our judgment for the trier of fact unless the findings are clearly erroneous, and the court's conclusions of law are reviewed to determine if the conclusions are correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

4

Claimant argues that the object and purpose of § 39-71-603, MCA, have been met. In support of his argument, he asserts that substantial, credible evidence supports his belief that Collins was his supervisor; that because of the nature of his injury he was prohibited from notifying his employer of the work-related injury within thirty days of the accident; and that the court erred in finding that Robinson was not aware of claimant's work-related accident within thirty days of the accident. We disagree.

To obtain workers' compensation benefits from the State Fund, an employee who is injured on the job or involved in a work-related accident must, within thirty days, notify the employer of the time and place where the accident occurred and the nature of the injury. Section 39-71-603, MCA. Actual knowledge of the accident and injury by the employer, manager or superintendent of the employer is also notice under § 39-71-603, MCA.

Claimant argues that the decision of the Workers' Compensation Court should be reversed based upon our decision in Killebrew v. Larson Cattle Company (1992), 254 Mont. 513, 839 P.2d 1260. We disagree.

In Killebrew the claimant suffered an industrial accident on December 17, 1989, and within two days personally told his employer that he had hurt his shoulder in the accident. On March 17, 1990, claimant suffered another industrial accident and on the next day claimant told his employer of the accident and showed him physical injuries to his body.

5

Clearly in Killebrew the employer had actual knowledge of the accident and injuries, thereby satisfying the requirement of notice under § 39-71-603, MCA.

The facts in Killebrew are not comparable to those in this case. No knowledge of the claimed industrial accident was made available by claimant to the employer, the employer's managing agent or superintendent within thirty days of the claimed injury as required by the statute.

In this case claimant failed to timely notify the employer or its manager, David Robinson, of the accident which is alleged to have caused the back injury. See Lee v. Lee (1988), 234 Mont. 197, 761 P.2d 835.

Further, claimant's contention that he believed Collins occupied a supervisory position at Ownerrent is equally insufficient to give his employer actual notice in this case. Claimant and Collins were hired the same day and held identical positions at Ownerrent. When asked about whether he held himself out as the claimant's supervisor, Collins stated:

> [W]hat I said was that when I had my interview there the manager that gave me my interview had said that he was looking for somebody to be--that he could appoint to warehouse manager. . . .
>
> . . .
>
> It's possible that I could have said it in a way that he thought I was the warehouse manager, yes, but when we were talking about it I said in my interview that David [Robinson] said he was looking for somebody -- He had told me he was looking for somebody to appoint to

6

warehouse manager, somebody he didn't have to watch all the time.

Claimant contended that his belief in Collins' supervisory authority was reasonable because Collins "always jump[ed] in the driver's seat and [did] the paper work and what have you."

In rejecting the claimant's argument that Collins was an ostensible supervisory agent, the court found:

> Whether ostensible authority existed must be determined from all facts and circumstances surrounding the matter.
>
> "The test is found in a determination of the exact extent to which the principal held the agent out or permitted him to hold himself out as authorized, and what a prudent person, acting in good faith, under the circumstances would reasonably believe the authority to be.["]
>
> Butler Mfg. Co. v. J & L Imp. Co., 167 Mont. 519, 527, 540 P.2d 962 (1975). The belief that another is an agent must be reasonable. Kraus v. Treasure Belt Mining Co., 146 Mont. 432, 435-6, 408 P.2d 151 (1965). The circumstances in this case are inconsistent with the creation of an ostensible agency. Robinson, not Collins, assigned deliveries, determined work schedules, and signed off on time sheets. Collins performed no supervisory functions. Collins' "jumping" into the driver's seat when he made deliveries does not amount to supervision or provide a basis for petitioner to reasonably believe that Collins was his supervisor.

After reviewing the record, we conclude the court's decision that, under the facts in the record, the employer did not have notice within thirty days of the alleged work-related injury is not clearly erroneous. We affirm the decision of the Workers' Compensation Court.

_____
Chief Justice

7

We concur:

John Conway Harrison

Justices