# FILED

October 21 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0033

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 353

RICHARD A. SIEBKEN,

        Petitioner and Appellant,

    v.

LIBERTY MUTUAL INSURANCE CO.,

        Respondent and Appellee.

APPEAL FROM:    Workers' Compensation Court
                      Cause No. WCC 2007-1855
                      Honorable James Jeremiah Shea, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Bernard J. Everett, Attorney at Law; Anaconda, Montana

        For Appellee:

                Larry W. Jones, Attorney at Law; Missoula, Montana

Submitted on Briefs:  August 27, 2008

Decided:  October 21, 2008

Filed:

_____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Richard A. Siebken (Siebken) appeals from the judgment of the Montana Workers' Compensation Court dismissing his workers' compensation claim with prejudice and denying his motion for reconsideration. We affirm.

¶2    We restate the issue on appeal as follows:

¶3    Did the Workers' Compensation Court err by concluding that Siebken had failed to satisfy the notice requirements of § 39-71-603, MCA?

## BACKGROUND

¶4    The parties stipulated to the following facts, which the Workers' Compensation Court (WCC) adopted. On December 11, 2004, Siebken, while on duty as a law enforcement officer for the Federal Reserve Bank of Minneapolis, Helena Branch, physically restrained an individual. Siebken spun the individual around, shoved him up against a wall and, with assistance from a co-worker, handcuffed the individual. Siebken's supervisor, Gordon Lobdell, was immediately made aware of this occurrence. Additionally, Siebken and several co-workers provided Lobdell with written incident reports the same day.

¶5    Siebken did not perceive he had suffered any physical injury due to the incident, although he developed a headache for which he took over-the-counter medication. In the weeks that followed, he developed flu-like symptoms and low-back pain. Siebken assumed these physical problems were related to the utility belt he wore, which weighed approximately twelve pounds. On this assumption, he filed a workers' compensation claim for his low-back condition in April of 2005. However, Siebken's condition

continued to deteriorate. He developed balance problems, nausea, headaches, and numbness. Siebken sought treatment from a medical doctor, but without relief.

¶6 In June 2005, Liberty Northwest, Siebken's employer's workers' compensation insurance provider, requested that Siebken consult with Dr. Max Iverson. Iverson ordered an MRI and EMG of Siebken's back and recommended Siebken see Dr. Peter Sorini, a neurosurgeon.

¶7 Dr. Sorini examined Siebken in July 2005 and advised him that his condition was more serious than simply a lower back problem. An MRI revealed cervical spinal stenosis, requiring surgery. Dr. Sorini performed the surgery on October 24, 2005.

¶8 On May 26, 2006, during a follow up visit with Dr. Sorini, Siebken informed the doctor that his symptoms had progressed since the December 2004 incident at the bank. Dr. Sorini advised Siebken that the altercation probably caused his neck condition and the subsequent need for surgery. However, Siebken did not file a workers' compensation claim for the injury until July 3, 2006.

¶9 The WCC denied his claim, reasoning that Siebken had failed to timely notify his employer of the injury. Siebken submitted a motion for reconsideration, which the court also denied. Siebken appeals.

## STANDARD OF REVIEW

¶10 We review the WCC's conclusions of law for correctness applying the Workers' Compensation Act (the Act) in effect at the time of the injury. *Michalak v. Liberty Northwest Ins. Corp.*, 2008 MT 3, ¶ 10, 341 Mont. 63, ¶ 10, 175 P.3d 893, ¶ 10. The 2003 version of the Act governed when Siebken suffered his injury on December 11,

3

2004, therefore all references to the Act herein will be to the 2003 version unless otherwise noted.

## DISCUSSION

**¶11   Did the WCC err when it held that Siebken failed to satisfy the notice requirements of § 39-71-603, MCA?**

¶12   Workplace injuries are governed by the Act.  Section 39-71-101, MCA (2003). The Act defines the boundaries of coverage and sets forth the actions both employee and employer must take in the event of an injury.  Relevant to this case, the Act requires that injured employees provide notice to their employers, as follows:

> A claim to recover benefits under the Workers' Compensation Act for injuries not resulting in death may not be considered compensable unless, within 30 days after the occurrence of the accident that is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work in which the injured employee was engaged at the time of the injury is equivalent to notice.

Section 39-71-603(1), MCA.  Thus, an employee may satisfy this statute by providing the employer with the required notice within 30 days of the accident.  Alternatively, "actual knowledge" of the required information by the employer likewise satisfies the statute. However, under either method, the employer must be notified of both the accident and the injury.  "The purpose of the notice requirement is to enable the employer to protect itself by prompt investigation of the claimed accident and prompt treatment of the injury to minimize its effect."  *Hanks v. Liberty Northwest Ins. Corp.*, 2002 MT 334, ¶ 13, 313 Mont. 263, ¶ 13, 62 P.3d 710, ¶ 13.

4

¶13     Siebken argues that the written incident reports he and his co-workers filed and his supervisor's actual knowledge of the 2004 incident satisfied the notice requirements under § 39-71-603(1), MCA. The incident reports detail the December 11, 2004 event, and Siebken does not identify any other information his employer would have received about the incident. Therefore, the question is whether the incident reports fulfilled the notice requirements of § 39-71-603(1), MCA. The WCC concluded that the incident reports were insufficient "to put the employer on notice that an accident requiring investigation and possible medical care had occurred." The Act defines an accident as "(a) an unexpected traumatic incident or unusual strain; (b) identifiable by time and place of occurrence; (c) identifiable by member or part of the body affected; and (d) caused by a specific event on a single day or during a single work shift." Section 39-71-119(2), MCA. The WCC reasoned that "[w]hile the reports convey that [Siebken], with the assistance of his co-workers, used physical force to subdue and restrain a resisting trespasser, the incident reports do *not* describe 'an unexpected traumatic incident or unusual strain.'" (Emphasis in original.)

¶14     We recognize that, despite not having an unusual cause, an accident might be unusual as to result. *See Love v. Ralph's Food Store, Inc.*, 163 Mont. 234, 516 P.2d 598 (1973); *Robins v. Ogle*, 157 Mont. 328, 485 P.2d 692 (1971); *Jones v. Bair's Cafes*, 152 Mont. 13, 445 P.2d 923 (1968). However, because the incident reports do not describe an unusual strain or trauma, it was incumbent on Siebken to notify his employer when he learned that he suffered an unusual strain because, under these facts, the employer could not have reasonably understood an injury had occurred. Even Siebken, with the

5

assistance of his initial physicians, was not able to identify the bank incident as the cause of his neck injury until Dr. Sorini came to this conclusion in May 2006. Therefore, it is unreasonable to expect that Siebken's supervisor, without more information, could have deduced that Siebken was injured in the incident. There must be something in the notice that would indicate "to a reasonably conscientious manager that the case might involve a potential compensation claim." *Killebrew v. Larson Cattle Co.*, 254 Mont. 513, 523, 839 P.2d 1260, 1267 (1992) (Weber, concurring).

¶15 We have previously held that notice of an event or of pain is not enough if the information does not trigger an employer's need for further investigation. *Lee v. Lee*, 234 Mont. 197, 761 P.2d 835 (1988); *Reil v. Billings Processors, Inc.*, 229 Mont. 305, 746 P.2d 617 (1987). "There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." *Lee*, 234 Mont. at 200, 761 P.2d at 837. In *Riel*, we held that an employee did not provide his employer with sufficient knowledge even though he informed his employer that he was having pain, because he did not specify that his duties at work amplified or triggered the pain. *Reil*, 229 Mont. 305, 746 P.2d 617. The employer knew Riel experienced pain but did not know the pain was connected to his work activities. Here, the reports describe the apprehension of a trespasser, but do not mention any injury, pain or other facts which would prompt an employer to investigate further.

¶16 Courts may equitably toll the 30-day notice requirement for latent injuries. *Larson v. Barry Smith Logging, Inc.*, 267 Mont. 444, 449, 884 P.2d 786, 789 (1994). "[A]n

6

employee who reasonably believes at the time of an accident that he suffered no injury requiring medical treatment, is not barred by the 30-day notice requirement of § 39-71-603, MCA, when he discovers otherwise after the 30-day period has elapsed." *Larson*, 267 Mont. at 449, 884 P.2d at 789. However, even with equitable tolling for a latent injury, Siebken failed to notify his employer, as required by the statute, within 30 days of discovering that he had probably suffered an unusual strain due to the 2004 incident. His claim was not filed until July 3, 2006, about 38 days later.

¶17 Lastly, Siebken contends that he had up to 12 months to provide his employer with notice from the date he learned of the nature of his injury, citing *Bowerman v. Empl. Sec. Comm'n*, 207 Mont. 314, 673 P.2d 476 (1983) and *Killebrew*, 254 Mont. 513, 839 P.2d 1260. However, the 12-month statute of limitations addressed in *Bowerman* and *Killebrew* arises from § 61-71-601, MCA, which requires that employees file claims for compensation within 12 months from the date of an accident. The 30-day statute of limitations for providing employers with notice of the accident is a separate and distinct statutory time requirement.

¶18 Affirmed.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS