No. 93-556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

GREGORY S. BUCKENTIN,

      Petitioner and Appellant,

  -v-

STATE COMPENSATION INSURANCE FUND,

      Defendant and Respondent.

**FILED**

JUN 12 1994

*Ed Smith*
CLERK OF SUPREME COURT,
STATE OF MONTANA


APPEAL FROM:    Workers' Compensation Court
                State of Montana
                The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Torger S. Oaas, Lewistown, Montana

        For Respondent:

            Thomas E. Martello, State Compensation Mutual
            Insurance Fund, Helena, Montana


                    Submitted on Briefs:  April 28, 1994

                                Decided: July 12, 1994

Filed:

_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a Workers' Compensation Court decision denying Buckentin's Workers' Compensation claim because he did not notify his employer of the injury within 30 days as required by § 39-71-603, MCA. We affirm.

The sole issue on appeal is whether the claimant, Gregory Buckentin (Buckentin) failed to report his injury to his employer, Bost Construction, within 30 days after the occurrence of the accident as required by § 39-71-603, MCA.

## FACTUAL BACKGROUND

On December 1, 1992, Buckentin was unloading sheetrock for his employer, Bost Construction, when he injured his back. Buckentin testified that on the date of the injury in question, he was aware that he had injured his back when he felt it "pull." He had experienced lower back problems before, requiring at least 6 chiropractic appointments to correct his back. Oftentimes, however, his back injuries would resolve themselves without chiropractic adjustments.

The day after the December 1 injury occurred, Buckentin returned to work and related to a co-worker that he hurt his back. The co-worker was not an employer nor manager of the company. Buckentin continued to work until December 18, 1992, when the entire company commenced a winter break which was to last through January 4, 1993. He decided to rest his back over the winter break in the hope that the injury would resolve itself. However, he continued to feel pain and discomfort from the back injury. He

testified that even during the last of work before the break, "nerves started running down my leg. It was something different than the other times when I pulled my lower back out."

On January 5, 1993, Buckentin and the rest of the company returned to work. Buckentin was again assigned to unload sheetrock. This proved extremely painful and he could "hardly sit in the truck" upon returning from the work assignment. He called his family physician on that same day and made an appointment for January 11, 1993. At his medical appointment, the doctor informed him that he had a herniated disk.

Buckentin informed his employer on January 11 that he had been injured on December 1, 1992. Buckentin had filled out workers' compensation claim forms for previous injuries with the company and he knew that he should report injuries as soon as possible. Buckentin also testified at trial that he had opportunities to discuss the December 1, 1992, injury with his employer. In addition, he had opportunities to inform his employer in writing about the injury, through daily reports to the employer. He failed to record his injury in the daily log/record on December 1, 1992, under the caption, "Problems, Delays and Accidents."

Buckentin filed a petition for an emergency trial on May 13, 1993, contending that he had been injured on December 1, 1992, and had given proper notice to his employer. A trial was held on September 8, 1993, in Great Falls, Montana. The Workers' Compensation Court filed its Findings of Fact, Conclusions of Law and Judgment on October 19, 1993, concluding that Buckentin failed

to report his injury within 30 days of the injury as required by § 39-71-603, MCA. Therefore, his claim was barred. This appeal followed.

## STANDARD OF REVIEW

When we review a Workers' Compensation Court's decision, we determine whether it is supported by substantial credible evidence. Plainbull v. Transamerica Insurance (Mont. 1994), 870 P.2d 76, 80, 51 St. Rep. 181, 184. Where conflicting evidence has been presented, we examine whether substantial evidence will support the decision of the Workers' Compensation Court--not whether the evidence might have supported contrary findings. Smith-Carter v. Amoco Oil (1991), 248 Mont. 505, 510, 813 P.2d 405, 408. In passing, we note that in Bogle v. Ownerrent Rent to Own (1994), 51 St.Rep. 380, 381, ___ Mont. ___, ___ P.2d ___, we stated that the appropriate standard of review for the Workers' Compensation Court's findings of fact was whether the findings were clearly erroneous. Our statement to that effect in Bogle, while it would not change the result in that case, was in error.

## DECISION

Buckentin argues that he did not realize that he had a herniated disk in his back until after the 30 day notice period had expired. He asserts that he falls under the Bodily exception to the requirements of § 39-71-603, MCA. Bodily v. John Jump Trucking, Inc. (1991), 250 Mont. 274, 819 P.2d 1262. State Fund counters that the claimant simply did not comply with the notice requirement of § 39-71-603, MCA, and Bodily is not applicable.

4

Buckentin testified that he was injured unloading sheetrock on December 1, 1992. At the time of the injury, he felt something "pull" in his lower back and knew that he had injured his back. He did relate the story of his injury to a fellow employee the following day but did not report the injury to his employer. He worked, albeit with continued pain, until December 18, 1992, when the company operations closed down until January 5, 1993.

He stated that he had pain at that time which was not typical of the previous back problems. He told Dr. Thompson, the family physician, whom he visited on January 11, 1993, that he had pain into his leg during the winter break, which was not typical of previous back injuries. He further stated that he rested during the winter break, hoping that his back would heal.

He returned to work on January 5, 1993, but he was again assigned to unload sheetrock and this activity caused considerable pain so he called the family physician and set up the appointment for January 11, 1993. He notified his employer of his December 1, 1992, injury on the same day. The notification occurred 41 days after the day of the accident.

Buckentin knew he injured his back on December 1, 1992. However, he did not report the injury even though he knew that this was the standard policy. Buckentin had previous experience with workers' compensation claims and thus knew the proper procedure. He also had numerous opportunities within the 30 day period in which to notify his employer of the injury sustained on December 1, 1992. Moreover, he had an indication within 30 days of his injury

5

that this was unlike previous injuries.

Buckentin states that this Court should apply the principles of Bodily to the instant case but our analysis leads us to conclude that Bodily is inapplicable. Bodily involved a claimant who was plagued by degenerative changes in his cervical spine which were accelerated by the repeated trauma to his spine from the jolting and jarring he experienced as a logging trucker. He had been previously injured when a log rolled off his truck, causing serious injuries. He recovered sufficiently from those injuries to return to work but that injury left him predisposed to the spinal degeneration which caused him later problems. Eventually, the claimant could not work at all because of the severe pain.

The claimant's doctor stated that he received a series of small injuries which cumulatively became a substantial injury and that although Bodily's spine continued to degenerate over the entire period he worked for his employer, the onset of the disabling symptoms could have manifested themselves suddenly. This Court held in Bodily that:

> [s]ince claimant's disability was the result of cumulative traumas which occurred over a period of time, the date of injury, for purposes of complying with the notice requirement, is the date on which claimant was first unable to continue with his employment due to his physical condition. That date was July 8, 1986. Applying a liberal construction to § 39-71-603, MCA (1985), we conclude that by providing his employer with all the information available to him on that date regarding the nature of his injuries, the fact that his condition was aggravated by his employment, and the nature of job duties which appeared to aggravate his condition, claimant complied with the Workers' Compensation Act's notice requirements.

Bodily, 819 P.2d at 1267, 1268. Bodily had a slowly-developing

6

injury and because this type of injury does not lend itself to precise notification, notification was found to be sufficient because Bodily gave "the employer sufficient information to lead a reasonably conscientious person to conclude that there may be a connection between the worker's condition and his job." Bodily, 819 P.2d at 1267.

The present case is easily distinguishable. Buckentin did not have a slowly-developing injury which made it difficult to provide precise notice to his employer. His injury occurred in a single incident, which he indicated was on December 1, 1992, while he was unloading sheetrock. He testified that when he felt something "pull" in his back on that day, he knew he had been injured. Moreover, Buckentin, unlike Bodily, failed to keep his employer apprised of all the information he had available about his injury nor did he associate his symptoms with activities occurring during employment. Although he had several opportunities to provide proper notice of the injuries, Buckentin did not tell his employer about the December 1 accident until 41 days after the incident occurred. Also, Bodily's doctor testified that his previous injury left him predisposed to the cumulative trauma that he suffered over a period of years; the cumulative trauma being the result of many small injuries which resulted in a substantial injury. There was no evidence in the instant case, that Buckentin's previous injuries were related to or impacted upon by the December 1, 1992 injury.

Further, although Bodily was decided in 1991, the "date of injury" for Bodily occurred in 1986, so the Bodily decision was

7

based on 1985 law, before § 39-71-104, MCA, was repealed. Section 39-71-104, MCA, stated that the Workers' Compensation Act must be liberally construed. Buckentin's injury occurred in 1992 and the applicable statute in effect at that time, § 39-71-105, MCA, stated that "Title 39, chapters 71 and 72, must be considered according to their terms and not liberally in favor of any party." Therefore, Buckentin is not entitled to the liberal construction of § 39-71-603, MCA, that was afforded to Bodily.

Section 39-71-603, MCA, provides:

> **Notice of injuries other than death to be submitted within thirty days.** No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 30 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury is equivalent to notice.

The statute clearly states that no claim shall be considered compensable unless the employer or employer's insurer is notified within 30 days. Notice under the statute is "mandatory and compliance with [the requirements of the statute] are indispensable to [maintaining] a claim for compensation..." Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 308, 746 P.2d 617, 619. Buckentin knew he had injured himself on December 1, 1992, and he testified that in some respects, it was unlike his previous injuries which he had been able to overcome more easily. Even though Buckentin stated he did not report his injury because they

8

usually improved without medical assistance or with chiropractic adjustment, and he did not realize the severity of the injury, "simple ignorance of compensability, absent any evidence of estoppel by the employer or medical disinformation [is insufficient] to toll the notice requirement." Reil, 746 P.2d at 623. There is no evidence here that Buckentin's employer prevented him from reporting his injury or that he was misinformed by medical personnel as to his condition.

Buckentin simply did not follow the proper notification requirements mandated by § 39-71-603, MCA. He knew the necessary procedure for a successful claim for workers' compensation benefits from prior experience but did not follow the procedure. We hold that the Workers' Compensation Court correctly concluded that Buckentin simply did not notify his employer of his injury within 30 days as required under § 39-71-603, MCA. Therefore, his injury is not compensable.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
Justices

9