No. 94-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JAMES D. LARSON,

Petitioner and Appellant,

v.

BARRY SMITH LOGGING, INC.,

Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

FILED

NOV 7 4 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers ' Compensation Court, The
              Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. Lape, Attorney at Law,
        Missoula, Montana

    For Respondent:

        Susan C. Witte, Legal Counsel,
        State Compensation Insurance Fund,
        Helena, Montana

Submitted on Briefs:  August 11, 1994

Decided:  November 14, 1994

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Petitioner James D. Larson appeals the judgment of the Workers' Compensation Court entered December 17, 1993, which concluded that because Larson failed to provide his employer with notice of his alleged injury within the 30 days prescribed by § 39-71-603, MCA, he was not entitled to benefits.

Affirmed.

We state the issue as follows:

Is there substantial evidence to support the Workers' Compensation Court's decision that Larson was not entitled to benefits?

Larson is 42 years old and has worked in the timber industry for 20 years. For 14 of those 20 years, Larson has worked as a sawyer. Barry Smith Logging employed Larson as a sawyer from January 1992 to June 5, 1992. Larson alleges he injured his back on April 9, 1992, while working for Barry Smith Logging at a timber site near Schwartz Creek. At the time of the alleged injury, Barry Smith Logging was insured by the State Fund.

On the same day as the alleged injury, Larson told John Rockenbaugh, a co-sawyer working at the Schwartz Creek site, that he had "taken a bad spill" and was "feeling kind of poorly."

Larson began a series of four chiropractic treatments beginning April 17, 1992, and ending May 1, 1992. Larson paid for the treatments and did not submit a first report of treatment to the State Fund until early June 1992.

On May 18, 1992, 39 days after the April 9, 1992, accident, Larson notified his employer, Barry Smith, of the alleged injury.

Larson filed a written claim for workers' compensation on June 3, 1992. On June 24, 1992, the State Fund denied Larson's **claim** because Larson failed to notify his employer of his injury within 30 days.

On June 8, 1993, Larson filed a petition with the Workers' Compensation Court. A trial was held on September 22, 1993, and judgment was entered on December 17, 1993. The court concluded that Larson was not entitled to benefits because he failed to provide his employer with notice of the alleged injury within 30 days pursuant to § 39-71-603, MCA. Larson appeals the decision of the Workers' Compensation Court.

IS there substantial evidence to support the Workers' Compensation Court's decision that Larson was not entitled to benefits?

On review, this Court will not substitute its judgment for that of the Workers' Compensation Court and will uphold its findings if there is substantial evidence to support them. Reeverts v. Sears (Mont. **1994),** 51 St. Rep. 894, 895; Buckentin v. State Fund, (Mont. **1994), 878 P.2d** 262, 263, 51 St. Rep. 656, 657; Plainbull v. Transamerica Insurance (Mont. **1994),** 870 **P.2d** 76, 80, 51 St. Rep. 181, 184; Houts v. Kare-Mor, Inc. **(1993),** 257 Mont. 65, **68,** 847 **P.2d** 701,703. **"We** will uphold the court's conclusions of law if its interpretation of the law is correct." Reeverts, 51 St. Rep. at 895; Stordalen v. **Ricci's** Food Farm **(1993),** 261 Mont.

3

256, 257, 862 P.2d 393, 394; Martell v. Anaconda-Deer Lodge County (1993), 258 Mont. 166, 167, 852 P.2d 579, 580.

Larson notified his employer, Smith, of the injury 39 days after sustaining it on April 9, 1992. On the day of the accident, Larson told co-worker John Rockenbaugh that he had "taken a bad spill." Larson maintains that he informed Rockenbaugh of the injury, rather than his employer, because believed that Rockenbaugh was a managing agent or superintendent in charge of the work site. Larson asserts that by informing Rockenbaugh of the injury, he satisfied the 30 day notice requirement of § 39-71-603, MCA, which provides:

> No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 30 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury is equivalent to notice.

The record shows that Smith is the sole owner and the only managing agent or superintendent at Barry Smith Logging. The company office is located in Smith's home. John Rockenbaugh was employed by Smith as a sawyer. Both Rockenbaugh and Larson were paid by the piece, and as sawyers, they performed the same tasks. There is nothing in the record to show that Rockenbaugh was employed as a supervisor or that he supervised Larson's work on April 9, 1992.

4

Larson argues that if Rockenbaugh was not a managing agent or superintendent in fact, he was at least an ostensible supervisor. "An agency is ostensible when the principle intentionally or by want of ordinary care causes a third person to believe another to be his agent." Section 28-10-103, MCA. The belief that another is an agent must be reasonable. Bogle v. State Compensation Mutual Insurance Fund (1994), 264 Mont. 515, 519, 872 P.2d 800, 802; Butler Mfg. Co. v. J & L Implement Company (1975), 167 Mont. 519, 527, 540 P.2d 962, 965.

Larson asserts that he reasonably believed Rockenbaugh was a managing agent or superintendent because Rockenbaugh was the only person at the work site who gave him instructions. While the record shows that Rockenbaugh was the only person at the work site to give Larson instructions, the record also shows that it could have been Larson giving instructions to Rockenbaugh on April 9, 1992. Smith testified that sawyers usually worked in pairs. Smith would give the location of the next work site, along with cutting specifications, to whichever sawyer was handy at the time. Once at the site, the informed sawyer would then relay the cutting specifications to the other sawyer. Smith instructed Larson to meet Rockenbaugh at the Schwartz Creek site on April 9, 1992. Once there, Rockenbaugh relayed the cutting specifications to Larson. Thereafter, both sawyers worked independently: were paid based on their individual work output: and neither supervised the work of the other.

5

Larson contends that Smith failed to give him any directions about reporting accidents. Larson contends further that he reported the injury to Rockenbaugh because Smith was hard to contact. The record does not support these contentions. Six weeks prior to the accident in the present case, Larson cut his lip while on the job and reported that injury directly to Smith at the company office by telephone within the prescribed 30 days. Larson then filed an unsuccessful workers' compensation claim as a result of the cut lip.

There is nothing in the record to suggest that Smith intentionally or by want of ordinary care held Rockenbaugh out to be an ostensible agent. Rockenbaugh did not supervise Larson's work, nor did he hold himself out to be a supervisor. At no time did either Smith or Rockenbaugh tell Larson that Rockenbaugh was a supervisor. We note from the record that when asked by a claims examiner for the State Fund whether he worked with a supervisor he could have notified about his injury, Larson replied "No."

Larson next argues that the 30 day notice requirement of § 39-71-603, MCA, was substantially complied with, and that the purpose of the statute was satisfied. We have held that the purpose of the notice requirement is to enable the employer to protect himself by prompt investigation of the claimed accident and prompt treatment of the injury to minimize its effect. Bender v. Roundup Mining Co. (1960), 138 Mont. 306, 312-13, 356 P.2d 469, 472. Smith was not able to start investigating the accident until May 18, 1992, nine days after the allowable statutory period had

6

expired. Larson's four chiropractic treatments ended 18 days before Smith was notified of the accident. Larson's injury was not diagnosed until mid-June 1992, after he underwent an MRI 27 days after Smith should have been notified of the injury. The purpose of the notice requirement, protection of the employer's interests, was at least compromised, if not frustrated, by Larson's failure to report his injury to Smith within 30 days.

As to substantial compliance, the statute clearly states that no claim shall **be** considered compensable unless the employer or employer's insurer is notified within 30 days. Notice under the statute is mandatory, and compliance is indispensable to maintaining a claim for compensation. Buckentin, **878** P.2d at 265: Reil v. Billings Processors, Inc. (1987), 229 Mont. 305, 308, 746 P.2d 617, 619; Masters v. Davis Logging (1987), 228 Mont. 441, 443, **743** P.2d 104, 106.

Larson argues that although he knew that he injured himself on April 9, 1992, he did not realize the severity of the injury until 30 days had passed, thereby tolling the 30 day notice requirement. To support his position, Larson relies on Killebrew v. Larson Cattle Co. (1992), 254 Mont. 513, 839 P.2d 1260. In Killebrew, we concluded that an employee who reasonably believes at the time of an accident that he suffered no injury requiring medical treatment, is not barred by the 30 day notice requirement of § 39-71-603, MCA, when he discovers otherwise after the 30 day period has elapsed. The record shows that following the accident Larson took several days off from work because of the injury, and that he received a

series of chiropractic treatments thereafter. These facts do not indicate a latent injury. We have held that "'simple ignorance of compensability, absent any evidence of **estoppel** by the employer or medical disinformation [is insufficient] to toll the notice requirement.'" Buckentin, 878 **P.2d** at 265 (quoting Reil, 746 **P.2d** at 623) (alteration in original). There is no evidence in the record to show that Larson's employer prevented him from reporting the injury or that he was misinformed about the extent of the injury by medical personnel.

Larson did not comply with the mandatory 30 day notice requirement of § 39-71-603, MCA. Based on his past experience, Larson understood how and when to notify his employer of injury, and he understood the procedure for filing a workers' compensation claim. Larson was aware that he suffered an injury and he sought medical treatment shortly after the accident. The Workers' Compensation Court concluded, and we agree, that Larson did not notify his employer within the 30 days as required under § 39-71-603, MCA.

We hold that there is substantial evidence to support the Workers' Compensation Court's decision that Larson was not entitled to benefits.

Affirmed.

_____
Justice

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices

November 14, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Timothy J. Lape
Attorney at Law
P. 0. Box 8164
Missoula, MT 59807-8164

Susan C. Witte
STATE FUND
P. 0. Box 4759
Helena, MT 59604-4759


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy