NO. 94-234

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


HERBERT SHELLEY,

      Petitioner and Appellant,

  v.

UNTIED STATES FIDELITY
AND GUARANTY COMPANY,

      Respondent and Respondent.

FILED

JUL 08 1995

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:    Workers' Compensation Court, State of Montana,
               The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

        Herbert Shelley, Bigfork, Montana, Pro Se

      For Respondent:

        Robert E. Sheridan; Garlington, Lohn & Robinson,
        Missoula, Montana


Submitted on Briefs:   June 15, 1995

Decided:   July 6, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Appellant Herbert Shelly appeals from the decision of the Workers' Compensation Court denying him reimbursement for chiropractic treatment, mileage and filing fees. We affirm.

The issues on appeal are:

1. Is appellant entitled to reimbursement for a bill received from John V. Stephens, M.D. for a treatment on April 12, 1991?

2. Did the Workers' Compensation Court err in denying appellant's request for reimbursement for chiropractic treatments by John Francis, D.C. and reimbursement for mileage expenses in attending the treatments by Dr. Francis?

3. Did the Workers' Compensation Court err in denying reimbursement to the appellant for filing fees incurred by him in his prior appeal to the Montana Supreme Court?

Appellant is 41 years of age and resides near Bigfork, Montana. On June 18, 1986, he suffered an industrial injury while employed with Eagle Bend Development, d/b/a Crop Hail Management, in Bigfork, Montana. At the time of appellant's injury, Eagle Bend was insured by United States Fidelity and Guaranty Company (USF&G) under Plan II of the Workers' Compensation Act. The parties agreed to settle appellant's claim and on November 7, 1989, the Insurance Compliance Bureau approved a full and final compromise settlement resolving all issues of compensation due the appellant. Future medical benefits were reserved by the appellant in both the petition and the order approving the settlement issued by the

Insurance Compliance Bureau.

## Issue One

> Is appellant entitled to reimbursement for a bill received from John V. Stephens, M.D. for a treatment on April 12, 1991?

Dr. Stephens was appellant's treating physician. According to Dr. Stephens, appellant reached maximum medical improvement (MMI) in January, 1988. Although the appellant cites to other evidence indicating that he continued to experience symptoms, that evidence does not overrule Dr. Stephens' deposition testimony that appellant reached MMI in 1988. Dr. Stephens' office note for the April 12, 1991 visit which is at issue, indicates that appellant had "aggravated or exacerbated" his condition as a result of recent work at a recycling center. Appellant failed to carry his burden of proof in establishing that the treatment at the April 12, 1991 visit was the direct result of his industrial injury. Rather, there is substantial credible evidence to support the Workers' Compensation Court's finding that the treatment on April 12, 1991, was due to appellant's original injury, rather than to some new aggravation. See Buckentin v. State Comp. Ins. Fund (1994), 265 Mont. 518, 520, 878 P.2d 262, 263. Accordingly, we affirm the Workers' Compensation Court's denial of reimbursement with regard to the April 12, 1991, treatment by Dr. Stephens.

## Issue Two

> Did the Workers' Compensation Court err in denying appellant's request for reimbursement for chiropractic treatments by John Francis, D.C. and reimbursement for mileage expenses in attending the treatments by Dr. Francis?

Appellant alleges that Dr. Francis rendered chiropractic treatments to the appellant from October 31, 1989 through May 22, 1991. At the time of appellant's treatment by Dr. Francis on October 31, 1989, appellant had been receiving treatment from Dr. Stephens for over two years. Appellant continued to receive treatment from with Dr. Stephens during 1988 and 1989 and on October 21, 1989, Dr. Stephens prescribed a series of two or three chiropractic treatments a week for two weeks. It is apparent from the record that Dr. Stephens was appellant's treating physician at the **time** Dr. Francis began chiropractic treatments in late October of 1989.

At the **time** of appellant's chiropractic treatments, the Department of Labor's Chiropractic Service Rules provided:

> (1) Treatment of an injured worker is permitted without specific prior authorization for a period not to exceed 30 days, provided the injured worker is not under the care of another doctor.

Section 24.29.2001, ARM (repealed effective April 1, 1993).

The above-quoted administrative rule clearly requires "specific prior authorization" for appellant's chiropractic treatment. It is clear from the record that appellant did not obtain any preauthorization from USF&G prior to the commencement of the chiropractic treatments with Dr. Francis, even though USF&G did pay for the initial four visits pursuant to the limited two-week prescription given by Dr. Stephens.

We have previously held that where a claimant fails to comply with the Administrative Rule requiring authorization to change physicians or seek care from a chiropractor when he is already

4

being treated by another physician, the insurer cannot be charged for the services of the second physician or chiropractor. <u>See</u> Weaver v. Buttrey Food and Drug (1992), 255 Mont. 90, 98, 841 P.2d 476, 481-82. Accordingly, we hold that the Workers' Compensation Court was correct in concluding that appellant was not entitled to reimbursement for treatment rendered by Dr. Francis. Having so held, we likewise affirm the Workers' Compensation Court's denial of travel expenses in connection with the chiropractic treatments rendered by Dr. Francis.

<u>Issue Three</u>

> Did the Workers' Compensation Court err in denying reimbursement to the appellant for filing fees incurred by him in his prior appeal to the Montana Supreme Court?

The Workers' Compensation Court denied appellant's request for reimbursement of his filing fees incurred at the Montana Supreme Court for the reason that the Workers' Compensation Court was without jurisdiction to order repayment of costs incurred in proceedings before the Montana Supreme Court. The Workers' Compensation Court was correct in its conclusion and we affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

5

We concur:

_____
Chief Justice

_____

_____
Justices