NO. 94-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

AETNA CASUALTY & SURETY COMPANY,

       Petitioner and Respondent,

  and

STATE COMPENSATION INSURANCE FUND,

       Defendant, Respondent
          and Cross-Appellant,

  v.

IN RE: MARLA SMITH,

       Claimant and Appellant.

**FILED**

AUG 04 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court, State of Montana,
               The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

         Darrell S. Worm; Ogle & Worm, Kalispell, Montana

       For Respondents:

         Charles E. McNeil; Garlington, Lohn & Robinson,
         Missoula, Montana

         Charles G. Adams, Legal Counsel, State Compensation
         Insurance Fund, Helena, Montana

                Submitted on Briefs:  June 29, 1995

                         Decided:  August 4, 1995

Filed:

_____
         Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Marla Smith (Smith) appeals from an order of the Workers' Compensation Court, finding that she had not reached maximum medical improvement before she suffered a second injury and concluding that she should be compensated based on her first injury not her second injury. We affirm.

Facts

On February 28, 1989, Smith injured her back in the course of her work for Crop Hail Management (Crop Hail). Crop Hail was insured by the State Compensation Insurance Fund (State Fund), which accepted liability and paid medical and disability benefits. Smith underwent surgery and physical therapy. The exact nature of her injury is not material to our decision but her back pain persisted and gradually worsened.

On April 22, 1992, Smith again injured her back in the course of her work. This injury exacerbated her existing back pain and symptoms. She again received surgical and physical therapy treatments. Her condition worsened to the point that, in August 1992, she permanently left her job. At the time of Smith's April 1992 injury, Crop Hail was insured by Aetna Casualty and Surety Company (Aetna). State Fund denied her claim but Aetna paid medical and disability benefits under a reservation of rights to seek indemnification. Smith's 1989 compensation rate was $114.20 per week. Her 1992 compensation rate was $200.80. Smith argued that the April 1992 injury was new and therefore she should be

compensated at the 1992 rate.

The Workers' Compensation Court concluded, based on testimony from two of the three doctors who treated Smith, that Smith had not reached maximum healing prior to her April 1992 injury and that the February 1989 injury was degenerative and would have required further treatment regardless of the April 1992 injury. The court concluded that (1) State Fund was liable for Smith's low back condition at the L5-S1 vertebral level, and (2) Aetna was, therefore, entitled to indemnity from State Fund for medical expenses paid by Aetna and for disability benefits paid by Aetna at the 1989 rate of $114.20 per week. Aetna did not file a cross-appeal with regard to the disability benefits it paid in excess of the 1989 rate. **It is from** this decision that Smith appeals.

Standard of Review

> When we review a Workers' Compensation Court's decision, we determine whether it is supported by substantial credible evidence. Plainbullv. Transamerica Insurance (1994), [264 Mont. 120, 126-27,] 870 P.2d 76, 80. . . . Where conflicting evidence has been presented, we examine whether substantial evidence will support the decision of the Workers' Compensation Court -- not whether the evidence might have supported contrary findings. Smith-Carter v. Amoco Oil (1991), 248 Mont. 505, 510, 813 P.2d 405, 408.

Buckentin v. State Compensation Insurance Fund (1994), 265 Mont. 518, 520, 878 P.2d 262, 263.

Discussion

Smith was treated and/or examined by three doctors. The Workers' Compensation Court based its decision on the conclusions of these three doctors. Doctors Mahnke and Martini concluded that Smith had not reached maximum medical healing prior to her April

3

1992 injury. Dr. Hilleboe testified that Smith had reached maximum medical healing prior to April 1992, but the Workers' Compensation Court noted that "[Dr. Hilleboe] defined maximum medical healing as meaning that he would not do anything different therapy-wise within a year." The Workers' Compensation Court further noted that all three doctors agreed that the condition resulting from Smith's February 1989 injury was a degenerative one.

The Workers' Compensation Court's decision is supported by substantial credible evidence in the record. *See Buckentin, 878* P.2d at 263. Dr. Hilleboe's conclusions conflicted with those of Drs. Mahnke and Martini. Drs. Mahnke and Martini's **testimony,** however, supplied the requisite substantial evidence necessary to support the decision of the Workers' Compensation Court: We do not review the record to consider whether the evidence might have supported contrary findings.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter, and West Publishing Company.

_____
Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices