No. 96-610

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


MARGARET EPPERSON,

Petitioner and Respondent,

v.

WILLIS CORROON ADMINISTRATIVE
SERVICES CORPORATION,

Respondent and Appellant,

ST. PETER'S COMMUNITY HOSPITAL,

Employer.



APPEAL FROM:   Workers' Compensation Court, State of Montana
The Honorable Mike McCarter, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Norman H. Grosfield; Utick & Grosfield,
Helena, Montana

For Respondent:

Joe Seifert; Keller, Reynolds, Drake, Johnson
& Gillespie, Helena, Montana

Submitted on Briefs: January 9, 1997

Decided: March 11, 1997
Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.


Willis Corroon Administrative Services Corporation (Corroon), appeals from the decision of the Workers' Compensation Court finding respondent, Margaret Epperson's (Epperson), request for hearing as timely. We affirm.

We address the following issue on appeal:

Does an Order of Determination only become "final" under 39-72-612, MCA, once an administrative review has been completed or once the time for seeking review has expired?


## BACKGROUND

In 1993, Epperson, a long-time employee of St. Peter's Hospital, began working as a nurse in a newly constructed wing of the hospital. Over the next two years, Epperson developed upper respiratory symptoms including, cough, nasal congestion, shortness of breath, and watery eyes. In May of 1995, Epperson's physician, Dr. Earl Book, released her from work. In June of 1995, Epperson, without an attorney, filed a claim for occupational disease benefits. After receiving Epperson's claim, the Department of Labor & Industry (the Department), directed Epperson to submit to a medical examination. In September of 1995, Epperson submitted to a medical examination conducted by Dr. Michael Sadaj (Dr. Sadaj) to determine if she suffered from an occupational disease. Although Dr. Sadaj did not find that Epperson had an occupational disease, he recommended further testing. Following this examination, the Department issued an "order referring copy of medical reports to parties" which indicated that Epperson's occupational disease claim would be denied. This order also notified Epperson of her right to a second examination.

Epperson did not request a second examination and on November 27, 1995, the Employment Relations Division (ERD) issued an "order of determination" which denied her claim. This order also notified Epperson of a right to request a hearing within 20 days and stated:

Pursuant to 39-72-612, MCA, the parties are hereby notified a party adversely affected by this Order of Determination has twenty (20) days from the date of this Order to request a hearing before the Department of Labor & Industry Legal Division.

The November 27, 1995, order also explained that failing to request a hearing would make the order final.

Epperson did not request a hearing within 20 days. However, after consulting with counsel, Epperson requested a hearing in January of 1996. The insurer, Corroon, moved to dismiss this request as untimely and a Department hearing officer agreed and dismissed the case. Epperson appealed this decision to the Workers' Compensation Court which overruled the hearing officer's decision and remanded the case for a hearing on the merits.

In its holding, the Workers' Compensation Court found that the hearing officer erred in dismissing Epperson's claim because the Department's November, 1995 order was not a "final" order of determination within the meaning of 39-72-612, MCA. The Workers' Compensation Court explained that a Department order does not become final until after the Commissioner has completed her administrative review or after the time for seeking review expires. The court held that the time for seeking administrative review was 90 days and Epperson had filed her request within that time period.

DISCUSSION

Does an Order of Determination only become "final" under 39-72-612, MCA, once an administrative review has been completed or once the time for seeking review has expired?

In reviewing Workers' Compensation Court decisions, we review the findings of fact to determine if they are supported by substantial, credible evidence and we review conclusions of law to determine if they are correct. Turjan v. Valley View Estates (1995), 272 Mont. 386, 390, 901 P.2d 76, 79 (citing Caekaert v. State Comp. Mut. Ins. Fund (1994), 268 Mont. 105, 111, 885 P.2d 495, 498). As this case exclusively deals with a single question of law, we will review the Workers' Compensation Court's conclusion of law to determine if it was correct.

In this appeal, Corroon contends that Epperson failed to request a hearing within the 20-day limit imposed by 39-72-612(1), MCA. Section 39-72-612(1), MCA, states:

(1) Within 20 days after the department has issued its order of determination as to whether the claimant is entitled to benefits under this chapter, a party may request a hearing. In order to perfect an appeal to the

workers' compensation judge, the appealing party shall request a hearing before the department. The department shall grant a hearing, which may be conducted by telephone or by videoconference. The department's final determination may not be issued until after the hearing.

This section establishes the time frame within which to request a hearing. An untimely request for hearing must be dismissed. Cf. First Security Bank of Havre v. Harmon (1992), 255 Mont. 168, 172, 841 P.2d 521, 524 (time limits fixed for appeal are mandatory and jurisdictional and failure to perfect an appeal within the time allowed requires dismissal of the appeal).

Epperson sought to avoid the consequences of the above statute by arguing that she should receive the benefit of the more liberal 90-day time frame for requesting a hearing under the Department's administrative regulations. Section 24.29.215(2), ARM (1987). While recognizing that Epperson had properly read 24.29.215(2) ARM (1987), (read in conjunction with 24.29.207(6), ARM (1983)) as granting her 90 days to request a hearing, the Workers' Compensation Court rejected this argument noting that this 90-day provision conflicts with the 20-day statutory period for requesting a hearing under 39-72-612 MCA. The Department cannot adopt regulations contrary to or conflicting with an express statute, Bick v. Montana Department of Justice (1986), 224 Mont. 455, 457, 730 P.2d 418, 420. Thus, since the administrative grant of a 90-day period within which to request a hearing directly conflicts with the statutory limit of 20 days, the administrative regulation is void as applied to an occupational disease determination. Michels v. Dept. of Social & Rehab. Services (1980), 187 Mont. 173, 177, 609 P.2d 271, 273.

The court then focused on the provisions of subsection (1) of 24.29.215, ARM (1987), which provides as follows:

(1) A party seeking administrative review under ARM 24.29.206 must make a written request for administrative review to the division [Department] within ninety days of notice of adverse action.

Contrary to subsection (2) which pertains to requests for hearings, subsection (1) pertains to requests for administrative review. Requests for administrative review do not conflict with the "request for hearing" language of 39-72-612, MCA, and thus subsection (1), unlike subsection (2), is not void.

The Workers' Compensation Court reasoned, as we agree, that the Department's November 27th order was not an order of determination within the meaning of 39-72-612, MCA. This section refers to the Department and "its order of determination." As the court noted, "[t]he quoted section connotes finality, with a hearing as the next recourse. The order contemplated by the

section is the last and final order issued by the Department without hearing, and not some initial or non-final order." In this case, ERD's November 27, 1995 Order of Determination was not a final order so long as it was subject to administrative review without a hearing under subsection (1) of 24.29.215, ARM (1987). "Administrative review" is an informal review of "any division [Department] order" by the Commissioner of Labor or her designee and is governed by 24.29.206, ARM (1983).

Under 24.29.215(1), ARM (1987), Epperson had 90 days from the November 27, 1995 "adverse action" to request an administrative review. Epperson's January 30, 1996, request was filed 64 days after the ERD's order, well within that 90-day time period. Epperson's January 30, 1996, filing was both a request for a hearing and, effectively, a waiver of her right to seek administrative review. With her right to administrative review having been waived, the ERD order became final on January 30, 1996, and her appeal was timely under 39-72-612, MCA, since it was filed that same date.

The ERD notice to Epperson of its November 27, 1995 order erroneously stated that a failure to request a hearing within 20 days would make the order final. We hold that under 39-72-612, MCA, the 20-day period for requesting a hearing does not commence until the order is "final" and that an order is not final until the Commissioner has completed her administrative review or until the time for seeking review expires.

Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE
/S/ WILLIAM E. HUNT, SR.
/S/ JAMES C. NELSON
/S/ JIM REGNIER